# Kennedys

570 Lexington Avenue
8th Floor
New York, NY 10022
USA

t +1 212.252.0004
f +1 212.832.4920
kennedyslaw.com

t +1 646.625.4012
Jared.greisman@kennedyslaw.com

June 12, 2023

**VIA ECF**

Judge Paul A. Engelmayer
United States District Court
Southern District Of New York
40 Foley Square, Room 2201
New York, NY 10007

**ORAL ARGUMENT/CONFERENCE REQUESTED**

Re:   **11th Street LLC v. Certain Underwriters at Lloyd's London, et al. (1:23-cv-02639)**

Dear Judge Engelmayer:

We represent the defendant insurers ("the Insurers") in the-above-referenced matter, and respectfully request Your Honor's permission to respond to just one issue raised in the plaintiff 11th Street LLC's ("11th Street")'s May 29, 2023 letter brief to this Court. It is the issue of the applicability of *General Construction Law §25* ("*GCL § 25*")'s statutory extension of the Insurers' time in which to appoint their arbitrator. Given the belated (a three-year delay) and unconventional manner (the absence of any authorized motion, pleading or other procedural basis) in which plaintiff has challenged the timeliness of the Insurers' appointment of their arbitrator, we are hopeful Your Honor will grant our request set forth in our letter submission of May 26, 2023(ECF No. 22). We have no objection to the Court resolving this issue.

Assuming permission is granted, the Insurers wish to call to the Court's attention the fact that 11th Street misleadingly advances the case of *Security Mut. Life Ins. Co. of New York v Rodriguez*, 65 A.D.3d 1, 6 (1st Dept. 2009) for the proposition that *GCL § 25* is inapplicable because it applies only to "conditions", and the appointment of an arbitrator is not a "condition" of the policy/contract.

In particular, *GCL § 25* provides as follows: "Public holiday, Saturday or Sunday in contractual obligations; extension of time where performance of act authorized or required by contract is due on Saturday, Sunday or public holiday." *Security Mutual, supra*, involved the issue of whether an insurer's action seeking rescission of a life insurance policy was timely commenced. Importantly, in *Security Mutual*, the court did not hold that *GCL § 25* was inapplicable because the insurer's timely commencement of an action against the insured did not involve a "condition" of the policy (as opposed to something else, like a "term" or "provision"). Rather, the court there held the statute was inapplicable to extend the deadline to seek rescission, **because the deadline was mandated by statute** (*Insurance Law § 3203(a)(3)*), as opposed to by the insurance policy/contract itself. According to the court, *GCL § 25* "would seem to apply and an extension would be available only if the commencement of an action contesting the policies was a "condition" under the policies. But

the incontestability clause in the policies is mandated by a statute, Insurance Law § 3203(a)(3)". *Security Mutual*, 65 A.D.3d at *6*.

With regard to the case at bar, the insurers respectfully submit that the appointment of an arbitrator is absolutely, beyond the shadow of a doubt, a "condition" of the policy to which *GCL § 25* applies; it is a contractually mandated act/action that requires **affirmative performance** within a certain time frame, and there are contractual consequences for the failure to timely perform (the insured acquires the right to nominate an arbitrator for the insurer rather than the insurer simply being able to appoint its own arbitrator). *See Fishoff v. Coty Inc.,* No. 09 Civ. 628, 2009 WL 2146791 at *2 (S.D.N.Y. July 17, 2009) (where a party to a contract "must do something" within a certain time frame, "this can reasonably be seen as a 'condition' (as that term is used in [section] 25)")

Indeed, according to the language of the statute, whenever some kind of **performance** under a contract is required, and the deadline falls on a weekend day/holiday, the deadline is extended to the next business day (because **performance** cannot reasonably be expected over the weekend/holiday when most people take a break from their business dealings and many businesses are closed.  That is the entire purpose/intent of the statute; to prevent a default at a time when performance would be onerous or impossible.)

For example, *Harrison v. Allstate Ins. Co.,* 1999 WL 638243  (S.D.N.Y., Aug. 18, 1999) involved a similar situation to the present scenario; a party had a contractual obligation to affirmatively perform an act (commencement of suit against its insurer within two years of its loss), and the deadline in which to perform that act fell on a Saturday. The Court held that "General Construction Law § 25 extended the deadline for commencing [insured's] action to Monday, April 13, 1998, the first business day after the Saturday deadline." *Id.* at *2; see also*, *Ochocinska v. National Fire Adjustment Co., Inc.*,  177 A.D.2d 954, 955 (4th Dep't 1991)(where contract between an insured and its public adjuster gave the insured the right to cancel the contract upon three days' (from the time of contracting) written notice to the adjuster, and the third day fell on a Sunday, the cancellation period was extended by operation of law, pursuant to *GCL § 25,* to the next business day).

Indeed, the insurers respectfully submit that *General Construction Law § 25* is inapplicable only to contractual deadlines that naturally lapse/expire by their own terms, and which require no affirmative performance/action by one of the contracting parties. *See, e.g.*, Lesk v. London & Lancashire Indem, Co. of Am., 286 N.Y. 443, 448 (1941) (when contract stated it expired on a specific date, which was a legal holiday, and did not require any type of action/performance, *GCL § 25* did not extend contractual expiration date to the next day); *Kulanski v. Celia Homes*, 184 N.Y.S.2d 234, 237 (2d Dep't 1959) (same); *Freda Green & Assocs., Inc. v. Heydt,* 562 N.Y.S.2d 79, 79–80 (1st Dep't 1990) (same, when contract expired on a specific Sunday); *Graham v. Wade*, 279 N.Y.S.2d 763, 765 (Supreme Ct., Kings County, 1967) (same).

We appreciate and thank the court for its time and consideration.

                Respectfully submitted,

                **s/ Jared T. Greisman**
                Jared T. Greisman

                                                KENNEDYS CMK, LLP
                                                570 Lexington Avenue – 8th Floor
                                                New York, New York 10022
                                                (212) 252-0004
                                                Email: jared.greisman@kennedyslaw.com
                                                *Attorneys for Certain Underwriters at Lloyd's London, et al.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 12, 2023, a true and correct copy of this letter together with exhibits was served on all counsel of record via ECF.

                                                   _s/__Jared T. Greisman_____
                                                   Jared T. Greisman