

**Anthony B. Crawford**
Direct Phone: +1 212 549 0356
Email: acrawford@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Phone +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 20, 2023

**VIA ECF SYSTEM**

Honorable Paul A. Engelmayer,
Thurgood Marshall, United States Courthouse
40 Foley Square, New York, NY 10007

      Re:    *11th Street LLC v. Certain Underwriters at Lloyd's London, et al.* **(1:23-cv-02639-PAE)**

Dear Judge Engelmayer:

Pursuant to the Court's June 15, 2023 Order (ECF No. 27), 11th Street hereby responds to Insurers' June 12, 2023 (ECF No. 25) letter brief. Although Insurers now expressly recognize the Court may decide whether 11th Street has a right to choose Insurers' arbitrator, Insurers' new argument[1] remains contrary to caselaw, not to mention the plain language and any reasonable interpretation of Section 25.

*Security Mutual Life Insurance Co. of New York v Rodriguez* forecloses Insurers' argument. There the court found that:

> [S]ection 25 precludes an extension of time when a period of time specified in a contract ends on a Saturday, Sunday or public holiday but the contract does not authorize or require the performance of a 'condition.' After all, a contrary reading of section 25 would render it superfluous as it would perform no function not already performed by section 25-a.

65 A.D.3d 1, 6 n.4 (1st Dept. 2009). Any reasonable interpretation of Section 25 also cuts against Insurers' argument. Section 25 states: "[w]here a contract by its terms authorizes or requires the **payment of money** or the **performance of a condition** on a Saturday, Sunday or a public holiday . . . unless the contract expressly or impliedly indicates a different intent, such payment may be made or condition performed on the next succeeding business day." The legislature used the phrase "performance of a **condition**," not "performance **under a contract**." Despite Insurers' attempt to define "condition" without citing to any authority, "condition" has a technical meaning under contract law, which, as 11th Street previously noted, is "an event, not certain to occur, which must occur, unless its non-occurrence is excused, **before performance under a contract becomes due**." "Performance of a condition" therefore cannot equate "performance under a contract." Indeed, if "performance of a condition" meant any general "performance under a contract" as Insurers argue, there would be no reason for the legislature to also include "payment of money" in Section 25. It is therefore clear that "performance of a condition" must be a condition precedent to "performance under a contract." Ultimately, as illustrated by Insurers' argument in passing regarding the title of Section 25,[2] the legislature could have written the body of Section 25 to

---

[1] Insurers originally argued Section 25 extended any "contractual obligation[s] or other deadline[s]" (ECF No. 22) but now argue the Section extends deadlines associated with any general "performance under a contract."

[2] Insurers appear to argue that the title of Section 25 should be followed instead of the body of the Section itself. *See* ECF No. 25 ("In particular, GCL § 25 provides as follows: "Public holiday, Saturday or Sunday in contractual obligations; extension of

mirror Insurers' argument as extending any "performance under a contract. . . that falls on a weekend day/holiday," but did not do so.

Insurers' appointment of an arbitrator within thirty (30) days, however, is not a condition precedent to "performance under a contract"[3] being due. As 11th Street has argued, irrespective of whether Insurers timely appointed their arbitrator, Insurers must still perform their duty under the insurance policy to pay money for a covered loss. Indeed, Insurers' hyperbolic position that "the appointment of an arbitrator is absolutely, beyond the shadow of a doubt, a 'condition'" cannot be correct because there is not even a contractual duty triggered by their appointment of an arbitrator. Per the clear terms of the arbitration clause, Insurers' failure to timely appoint an arbitrator means that 11th Street "**may** nominate an Arbitrator on behalf of the Respondent," not that it is under a contractual duty to do so. *See, e.g.*, *Lesk v. London & Lancashire Indem, Co. of Am.*, 286 N.Y. 443, 448 (1941) (contract did not require "performance of a condition" because payment of a premium "could not have compelled the continuance of the policy").

No new case cited by Insurers addresses the argument made by 11th Street.[4] Insurers mischaracterize *Fishoff v. Coty, Inc.* as standing for the proposition that "where a party to a contract 'must do something' within a certain time frame, 'this can reasonably be seen as a condition (as that term is used in [section 25].'" No. 09-Civ-628 (SAS), 2009 U.S. Dist. LEXIS 61427 (S.D.N.Y. July 17, 2009). The decision says no such thing. As made clear by the Second Circuit's opinion, the case involved a stock option contract, where the parties' agreement contained a condition that, to exercise an option, a party first had to file a notice of intent to exercise the option by the last day of the month. That notice triggered a required payment based on the valuation of the stock (i.e. performance). *Fishoff v. Coty, Inc.*, 634 F.3d 647, 650 (2d Cir. 2011). Therefore, the district court's reference to "doing something" referred to filing a notice which, in turn, triggered payment based on the value of stock. The Second Circuit's opinion is consistent with 11th Street's argument here, holding "[p]lainly, the LTIP authorized the filing of a notice of intent to exercise on an Exercise Date . . . . Under the terms of the LTIP, the filing of a notice of intent to exercise one's options is a 'condition' to the exercise of such options." *Id.* at 653.

*Harrison v. Allstate Insurance Co.*, No. 98-CV-2791 (FB), 1999 U.S. Dist. LEXIS 12862 (E.D.N.Y. Aug. 18, 1999) is similarly unhelpful. The court relied on prior caselaw extending deadlines related to the payment of money or Section 25-a, which are not at issue here.[5] In the intervening decades, only the district court's opinion in *Fischoff* cited *Harrison* favorably (albeit in a footnote). This is likely because, as *Security Mutual* recognizes, *Harrison* is in express disagreement with the technical meaning of "condition" under contract law. *See Security Mutual*, 65 A.D.3d at 7 n.5. That technical meaning does apply here, as recognized by the Second Circuit in *Fischoff*.

---

time where performance of act authorized or required by contract is due on Saturday, Sunday or public holiday."). Insurers cite no authority for this novel argument.

[3] Performance, BLACK'S LAW DICTIONARY (11th ed. 2019) ("[t]he successful completion of a **contractual duty**, usually resulting in the **performer's release from any past or future liability**.") (emphasis added); "Performance under a contract ordinarily means full and substantial performance. Performance is defined as such a thorough fulfillment of a duty as puts an end to obligations by leaving nothing more to be done." *Waddell v. Krueger*, No. A04-552, 2004 Minn. App. LEXIS 1321, at *6 (Minn. Ct. App. Nov. 30, 2004) (internal citations and quotations omitted).

[4] Insurers' argument that "[Section 25] is inapplicable only to contractual deadlines that naturally lapse/expire by their own terms, and which require no affirmative performance/action by one of the contract parties" fails to cite direct support. The cases cited by Insurers are mere examples (not an exhaustive list) where courts have refused to extend a deadline through Section 25 when no performance of a condition or payment of money was at issue.

[5] The only other case cited by the *Harrison* court (and Insurers) for the proposition that "[c]ourts have applied [Section 25] to extend contractual expiration dates" is *Ochocinska v. National Fire Adjustment Co.*, 177 A.D.2d 954 (4th Dept. 1991). *Ochocinska*'s one sentence reference to Section 25 is, respectfully, *dicta*.

Respectfully Submitted,

REED SMITH LLP

/s/ ___Anthony B. Crawford_____

Anthony B. Crawford, Esq.
Bar No. 5501242
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
acrawford@reedsmith.com

Of Counsel:

Matthew B. Weaver, Esq. (*Pro Hac Vice* notice to be filed)
mweaver@reedsmith.com
Wesley A. Butensky, Esq. (*Pro Hac Vice* notice to be filed)
wbutensky@reedsmith.com
Reed Smith LLP
200 South Biscayne Blvd.
Ste. 2600
Southeast Financial Center
Miami, FL 33131
Telephone: (786) 747-0203
Facsimile: (786) 747-0299

*Attorneys for 11th Street LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, the foregoing was electronically served via email on all counsel of record.

*/s/ Anthony B. Crawford*_____
Anthony B. Crawford, Esq.