UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 11TH STREET LLC,<br><br>                                Plaintiff,<br><br>        -v-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATE NUMBER AMR-37891-05, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, *and* OLD REPUBLIC UNION INSURANCE COMPANY,<br><br>                                Defendants. | 23 Civ. 02639 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On March 29, 2023, this insurance action was removed to this Court from New York State Supreme Court in Manhattan. Dkt. 1. On April 5, 2023, defendants moved to compel arbitration. Dkts. 9–11. The parties have since agreed that their dispute belongs in arbitration. *See* Dkt. 16 at 2; Dkt. 24 at 1–2. However, they dispute whether defendants missed a deadline to designate a second arbitrator, and therefore, whether responsibility for doing so, per the operative policy, shifts to plaintiff, *id.*; *see* Dkts. 25, 28. The parties accordingly have been unable to agree upon the text of a proposed order compelling arbitration, *see* Dkts. 17, 19, 21, although they do agree that is for the Court—as opposed to, say, the arbitrator designated by plaintiff—to resolve their dispute. Dkt. 25 at 1; Dkt. 24 at 2–3. Having reviewed the parties' submission on this point, *see* Dkts. 9–11, 18, 22–26, 28, the Court now resolves that issue.

The following facts are limited to those necessary to resolve the dispute.

The arbitration clause of the governing insurance policy states:

> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Dkt. 11-1 at 38. The arbitration provision contains a New York choice of law provision. *Id.*; *see also* Dkt. 22 at 3.

On April 23, 2020, plaintiff 11th Street LLC ("11th Street") sent a demand for arbitration, which notified defendants that 11th Street had appointed Joe Zevuloni as their party-appointed arbitrator. *See* Dkt. 22 at 2; Dkt. 24 at 2. Thirty days from that date would have been May 23, 2020. *See* Dkt. 22 at 2; Dkt. 24 at 2. May 23, 2020, however, was a Saturday. *See* Dkt. 22 at 2. Because May 24 was a Sunday and May 25 was Memorial Day, defendants responded to plaintiffs on Tuesday, May 26, 2020—the next business day—stating that Charles Reilly Jr. would serve as their arbitrator. *See* Dkt. 22 at 2. 11th Street did not contest the timeliness of defendants' response until, in January 2023, it initiated the state court action, that, following removal, became the instant case, in which it moves to compel arbitration on its terms. *Id.*

11th Street argues that defendants' designation of an arbitrator was untimely under the insurance policy contract and that it thus is entitled to nominate an arbitrator on defendants' behalf. *See* Dkt. 24 at 3; *see also* Dkt. 11-1 at 38. Defendants counter that New York General Construction Law § 25 ("GCL § 25") informs the meaning of the policy term that required defendants to designate an arbitrator within a certain time frame, and that it allowed defendants to make their designation on the first business day after the 30th day after receipt of plaintiff's

designation. Dkt. 25 at 2 (citing *Fishoff v. Coty Inc.*, No. 09 Civ. 628, 2009 WL 2146791 at *2

(S.D.N.Y. July 17, 2009)). Plaintiff takes the opposite view. Dkt. 24 at 3; Dkt. 28 at 2.

GCL § 25(1) provides that:

> Where a contract by its terms authorizes or requires the payment of money or the
> performance of a condition on a Saturday, Sunday or a public holiday, or authorizes
> or requires the payment of money or the performance of a condition within or
> before or after a period of time computed from a certain day, and such period of
> time ends on a Saturday, Sunday or a public holiday, unless the contract expressly
> or impliedly indicates a different intent, such payment may be made or condition
> performed on the next succeeding business day, and if the period ends at a specified
> hour, such payment may be made or condition performed, at or before the same
> hour of such next succeeding business day, with the same force and effect as if
> made or performed in accordance with the terms of the contract.

11th Street argues that the plain language of the insurance policy should decide this

dispute. *See* Dkt. 24 at 3. That would be true—if the plain language did so. But the policy's

language is silent as how the term "thirty days" is to be construed where, as here, the 30th day

does not fall on a business day. In such circumstances, it is proper to turn to GCL § 25, which,

for contracts governed by New York law, provides the default rule for construction. *See*

*Coventry Enters. LLC v. Sanomedics Int'l Holdings, Inc.*, 191 F. Supp. 3d 312, 319 (S.D.N.Y.

2016) (collecting cases). And 11th Street does not identify any provision in the policy signaling

an intent to override or deviate from GCL § 25. *See Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d

Cir. 2011) (GCL § 25 applies where "no other provision of the [contract] that indicates the intent

of the parties differ[ed] from [its] norm"); *cf. Coventry Enters. LLC*, 191 F. Supp. 3d at 319 (use

of "the generic term 'shall occur within 30 days'" in the contract did not "expressly indicate[] an

intent to avoid the rule of Section 25.").

11th Street next argues that a party's designation of an arbitrator does not qualify as the

performance of a "condition" within the meaning of GCL § 25. They argue that "'condition' has

a technical meaning under contract law, which . . . is 'an event, not certain to occur, which must

3

occur, unless its non-occurrence is excused, before performance under a contract becomes due.'"

Dkt. 24 at 4 (citing *Security Mut. Life Ins. Co. of N.Y. v Rodriguez*, 65 A.D.3d 1, 7 n.5 (1st Dep't

2009)); Dkt. 28 at 1.[1]  That is unpersuasive.  As defendants rightly rejoin, the term "condition" in

GCL § 25 has not been construed so narrowly.

     The Second Circuit's decision in *Fishoff, supra*, is most influential on this point.  Under

the terms of the contract there, plaintiff could exercise certain stock options only on an "Exercise

Date," defined as "the last day of any month."  634 F.3d at 653.  Because November 30, 2008,

was a Sunday, the plaintiff delivered his notice of intent to exercise his options on the next

business day: Monday, December 1, 2008.  *Id.*  In finding plaintiff's delivery timely, the Second

Circuit looked to GCL § 25's "plain language," which it construed to encompass acts that were

"authorized," rather than "required," under the contract.  *Id.*  The district court in *Fishoff*

similarly construed GCL § 25, *see Fishoff v. Coty Inc.*, No. 09 Civ. 628 (SAS), 2009 WL

2146791, at *2 (S.D.N.Y. July 17, 2009), *aff'd*, 634 F.3d 647 (2d Cir. 2011).  The same reading

has been reached by another court in this District, *Harrison v. Allstate Insurance*, No. 98 Civ

2791 (FB), 1999 WL 638243, at *2 (S.D.N.Y. Aug. 18, 1999) (applying GCL § 25 where

insurance policy authorized "[a]ny suit or action . . . within two years after the inception of loss

or damage," and the deadline fell on a Saturday), by a New York state court, *see Ochocinska v.

Nat'l Fire Adjustment*, 177 A.D.2d 954, 954–55 (4th Dep't 1991) (applying GCL § 25 where

---

[1] *Security Mutual Life Insurance*, on which plaintiff relies, does not address the meaning of "condition" in GCL § 25, as it found a different New York statute to govern.  A number of cases cited by the parties are similarly inapposite because they involve GCL § 25-a, which governs statutory deadlines—rather than GCL § 25, which governs contractual deadlines.  *See, e.g., Gov't Emps. Ins. Co. v. Obi*, 12 Misc.3d 1167(A) (N.Y. Sup. Ct. 2006); *Encompass Ins. Co. v. Rockaway Fam. Med. Care, P.C.*, 137 A.D.3d 582 (1st Dep't 2016); *In re Johnson v. Shelmar Corp.*, 2 A.D.3d 1010 (3rd Dep't 2003); *Sec. Mut. Life Ins. Co. of N.Y. v. Rodriguez*, 65 A.D.3d 1, 6 (1st Dep't 2009).

deadline to cancel a contract fell on a Sunday), and by the United States Court of Appeals for the Seventh Circuit, *see Caisse Nationale de Credit Agricole v. CBI Induss., Inc.*, 90 F.3d 1264, 1272–73 (7th Cir. 1996) (applying GCL § 25 to exercise of an option).

Accordingly, the Court grants defendants' motion to compel arbitration at docket 9 as unopposed, and grants defendants' letter motions at dockets 22 and 25 insofar as they contend defendants' nomination of Reilly was timely.

This case will proceed to arbitration. The Clerk of Court is respectfully directed to terminate all pending motions and to stay this action in its entirety. *Katz v. Cellco P'ship,* 794 F.3d 341, 347 (2d Cir. 2015). The parties are directed to file a joint status update every 60 days as to the status of the arbitration proceeding, marked from the day of this order.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 26, 2023
New York, New York